United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIUFANG SITU, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT,<br><br>   Defendant. | NO. C06-2841 TEH<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND ORDER SCHEDULING CLASS CERTIFICATION MOTION FOR SIMULTANEOUS HEARING WITH MOTION TO DISMISS |

  This matter comes before the Court on Plaintiffs' motion for reconsideration of the Court's June 2, 2006 order vacating Plaintiffs' motion for class certification without prejudice. The Court granted Plaintiffs leave to file this motion for reconsideration on June 7, 2006, and the Court also set a briefing schedule and ordered that the motion would be submitted on the papers unless otherwise ordered. Upon careful consideration of the parties' written arguments and relevant law, the Court does not find oral argument to be necessary and now DENIES Plaintiffs' motion.

  Plaintiffs argue that this Court's decision to consider Defendant's intended motion to dismiss prior to Plaintiffs' motion for class certification violates the rule established by the Ninth Circuit in *Wade v. Kirkland*, 118 F.3d 667 (9th Cir. 1997). In that case, an inmate plaintiff filed a class action against the county challenging conditions of his pretrial confinement at a county jail. *Id.* at 669. While his motion for class certification was pending, Wade was transferred from the jail, and the district court subsequently dismissed the action as moot without resolving the motion for class certification. *Id.* The Ninth Circuit reversed and remanded the case to the district court, ordering that "[o]n remand, the district court should decide the class certification motion before proceeding further." *Id.* at 670. The court "recognize[d] that, in some cases, it may be appropriate in the interest of judicial economy to resolve a motion for summary judgment or motion to dismiss prior to ruling on

1   class certification," but it concluded that "[t]his is not one of those cases. Wade purported to
2   represent short-term inmates in a county jail, presenting a classic example of a transitory
3   claim that cries out for a ruling on certification as rapidly as possible." *Id.* (citations
4   omitted).

5   The idea behind the Ninth Circuit's ruling was that some claims are "so inherently
6   transitory that the trial court will not have even enough time to rule on a motion for class
7   certification before the proposed representative's individual interest expires." *Id.* (citing *U.S.*
8   *Parole Comm'n v. Geraghty*, 445 U.S. 338, 399 (1980)). If a court is faced with such
9   inherently transitory claims,

> then the action qualifies for an exception to mootness *even if* there is no indication that [the named plaintiff] or other current class members may again be subject to the acts that gave rise to the claims. This is because there is a constantly changing putative class that will become subject to these allegedly unconstitutional conditions. Moreover, if transitory, the court could validly certify a class on remand, even though the named plaintiff's claims are already moot, since the 'relation back' doctrine will relate to [the named plaintiff's] standing at the outset of the case in order 'to preserve the merits of the case for judicial resolution.'

16  *Id.* (citations omitted).

17  The Ninth Circuit did not determine whether Wade's claims were, in fact, inherently
18  transitory. Instead, the Court explained that this was "ultimately a decision for the district
19  court, and we do not in any way suggest what result that court should reach. Indeed, we
20  could not, as the record at this point is devoid of any evidence of the average length of
21  detention in the county jail." *Id.*

22  In this case, Plaintiffs contend that, like Wade's challenge to pretrial detention
23  conditions, their challenge to the administration of Medicare Part D qualifies as inherently
24  transitory. Plaintiffs seek to certify a class consisting of "[a]ll full benefit dually eligible
25  Medicare beneficiaries who are unable to receive the full benefits of Medicare Part D
26  prescription drug coverage and/or the Low Income Subsidy program due to the actions or
27  failure to act of the Secretary of Health and Human Services." Am. Compl. ¶ 34. The Court
28  agrees with Plaintiffs that there may be people coming in or leaving the class at any time.

2

1  However, the Court cannot now decide whether the class is "inherently transitory" because
2  the "record at this point is devoid of any evidence" of the average length of time that persons
3  remain members of the class. *Wade*, 118 F.3d at 670. Thus, there are simply no facts in the
4  record on which this Court could conclude that the class is so transitory that the Court will be
5  unable to rule on a motion for class certification before the named plaintiffs' individual
6  interests expire. *See Geraghty*, 445 U.S. at 399.

7  Moreover, *Wade* is also distinguishable from this case because Defendant here intends
8  to challenge jurisdictional issues other than mootness, such as standing and exhaustion of
9  administrative remedies. The rationale behind *Wade* was that there is an exception to the
10  mootness doctrine where a proposed class is inherently transitory, and "the 'relation back'
11  doctrine will relate to [the named plaintiff's] standing at the outset of the case in order 'to
12  preserve the merits of the case for judicial resolution.'" *Wade*, 118 F.3d at 670 (citation
13  omitted). If Defendant prevails on his arguments that some or all of the named plaintiffs did
14  not have standing to bring this case when the case was filed, then the relation back doctrine
15  underlying *Wade* would not apply.[1]

16  Finally, Plaintiffs themselves admit that "if the Court were to determine that it does
17  not have jurisdiction, that resolves the case." Reply at 5-6. Nonetheless, Plaintiffs urge the
18  Court to consider their motion for class certification prior to considering any jurisdictional
19  challenges because "[t]he Court may always entertain serious jurisdictional allegations, but
20  need not hold up other matters in order to do so, particularly when justice would require
21  otherwise." *Id.* at 6. While Plaintiffs are correct that this Court would have the discretion to
22  consider the class certification motion first, the Court does not find it "practicable" to
23  determine whether to certify this case as a class action before considering Defendant's
24  intended motion to dismiss. Fed. R. Civ. P. 23(c)(1)(A) (providing that a court "must – at an
25  early practicable time – determine by order whether to certify the action as a class action").
26  To the contrary, the Court continues to find that it would be an inefficient use of judicial

---

27  [1]Of course, if Defendant attempts to argue mootness in its motion to dismiss, Plaintiffs
remain free to invoke *Wade* to rebut any argument that the mootness of the named plaintiffs'
28  claims renders this entire action suitable for dismissal.

United States District Court
For the Northern District of California

1  resources to consider the propriety of certifying a class before resolving Defendant's
2  jurisdictional challenges.

3   Because Plaintiffs have failed to demonstrate prejudice from a few weeks' delay in
4  considering their class certification motion, the Court does not find that justice in this case
5  requires otherwise. The Court does not question that, if Plaintiffs' allegations are true,
6  putative class members "may be getting sick, even dying, because they are being told that
7  they cannot have their medications (which are by definition medically necessary) without
8  paying out-of-pocket sums of money that they cannot afford," nor is the Court "trivializ[ing]
9  the extent of Plaintiffs' claims." Reply at 3. Nonetheless, Plaintiffs have not persuaded the
10 Court that resolving the class certification motion prior to Defendant's intended motion to
11 dismiss would in any way alleviate Plaintiffs' alleged harm or accelerate any recovery
12 Plaintiffs might ultimately obtain. A ruling on class certification is not a ruling on the merits,
13 and the Court would have to consider Defendant's jurisdictional challenges at some early
14 stage of the proceedings even if it ultimately granted Plaintiffs' motion to certify the class.

15   In short, Plaintiffs have not demonstrated that *Wade* applies to this case or that this
16 Court has otherwise abused its discretion in managing its docket to consider Defendant's
17 intended motion to dismiss prior to Plaintiffs' motion for class certification. Accordingly,
18 with good cause appearing for the reasons discussed above, Plaintiffs' motion for
19 reconsideration of this Court's June 2, 2006 order vacating Plaintiffs' motion for class
20 certification without prejudice is hereby DENIED.

21   However, upon reconsideration, the Court on its own motion will revise its June 2,
22 2006 order and allow Plaintiffs' motion for class certification to be heard simultaneously
23 with Defendant's motion to dismiss. Plaintiffs shall therefore file their reply brief on or
24 before the deadline for Defendant to file his reply brief on his motion to dismiss.[2] Both

---

[2] The moving and opposition papers on Plaintiffs' motion for class certification have already been filed. Thus, while a simultaneous hearing schedule may ultimately result in wasted resources if the motion to dismiss resolves this case such that no ruling is necessary on the motion for class certification, the Court schedules the motions for simultaneous hearing to partially accommodate Plaintiffs' request to hear the class certification motion as soon as possible. Defendant has already submitted his opposition papers to Plaintiffs'

4

motions shall be scheduled to be heard simultaneously on **Monday, August 7, 2006**, but this hearing date is subject to change pending the Court's resolution of the motion to intervene currently noticed for hearing on July 17, 2006. In opposition to that motion, Defendant has proposed allowing Plaintiffs to file an amended complaint with additional named plaintiffs if Defendant is given a corresponding extension of time in which to respond to the complaint. Although the Court does not now resolve the issue because it awaits Plaintiffs' response, Defendant's proposal appears to make initial sense; it appears somewhat illogical for the Court to consider either a class certification motion or a motion to dismiss until the identities of the proposed named plaintiffs are settled, or for the Court to consider Defendant's responsive pleadings in seriatim as Plaintiffs attempt to bring additional named plaintiffs into this case.

**IT IS SO ORDERED.**

Dated: 06/26/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

motion; thus, the only risk of inefficiency for Defendant's counsel is the time spent preparing for argument, which the Court does not believe to be a significant prejudice.

5