IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIUFANG SITU, et al.,<br><br>                Plaintiffs,<br><br>     v.<br><br>MICHAEL O. LEAVITT,<br><br>                Defendant. | NO. C06-2841 TEH<br><br>ORDER REQUIRING SUPPLEMENTAL BRIEFS AND ORDER CONTINUING MOTION HEARINGS |

     This matter comes before the Court on Defendant's motion to dismiss, as well as on Plaintiffs' motion for class certification and Defendant's motion for a stay on discovery. After reviewing the parties' briefs on the motion to dismiss, the Court has found the parties' discussion of the relevant standard of review to be incomplete. Plaintiffs appear to be under the mistaken assumption that Defendant's motion is brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim rather than under Rule 12(b)(1) for lack of jurisdiction; either that, or Plaintiffs have simply misunderstood the proper standard of review. For example, Plaintiffs state that "[a]lthough CMS [the Centers for Medicare and Medicaid Services] asserts that Mr. Ellis has not been charged more than a $3 co-pay for his prescriptions, this is not relevant for purposes of this motion since *the facts as alleged in the Complaint must be presumed true*." Opp'n at 6 n.5 (emphasis added).

     While that statement may be correct for Rule 12(b)(6) motions, it does not reflect the correct standard for reviewing a Rule 12(b)(1) motion. The Ninth Circuit has explained the standard for reviewing jurisdictional challenges as follows:

> A district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are not intertwined with the merits. In such circumstances, no presumption of truthfulness attaches to the plaintiff's allegations. However, if the jurisdictional issue and substantive claims are so intertwined that resolution of the

> jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact.

*Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987) (citations omitted); *see also Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (where jurisdictional and substantive issues are intertwined, "the district court assumes the truth of allegations in a complaint or habeas petition, unless controverted by undisputed facts in the record").  Thus, even though it appears that the jurisdictional issues raised in Defendant's motion are intertwined with the merits of this case, it is insufficient for Plaintiffs to rely on the allegations in the complaint to rebut Defendant's evidence regarding elements of standing because, simply put, an allegation is not evidence that would be considered at summary judgment.

It appears from statements in Plaintiffs' opposition, as well as from the allegations in the complaint, that Plaintiffs may be able to present evidence going to the elements of standing, which they mistakenly believed they did not need to submit at this stage of the proceedings.  Although the Court could well have granted parts of Defendant's motion based on Plaintiffs' failure to raise a material factual dispute on these elements, the Court will instead permit the parties to file supplemental briefs applying the correct standard of review to allow full consideration of the merits of Defendant's motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs shall file a supplemental brief, of no more than eight pages, addressing Defendant's standing arguments in light of the above standard on or before **Monday, August 28, 2006.**[1]

---

[1] Alternatively, of course, Plaintiffs could attempt to stipulate to dismissal of the challenged plaintiffs and substitution of other plaintiffs with Defendant.  Plaintiffs may also request jurisdictional discovery "unless it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citations omitted).

2

2. Defendant shall file a supplemental reply brief, also of no more than eight pages, on or before **Wednesday, September 6, 2006.**

3. The hearings on Defendant's motion to dismiss and Plaintiffs' motion for class certification shall be continued to **Monday, September 25, 2006, at 10:00 AM.**

4. The hearing on Defendant's motion for a stay on discovery shall continue to be held on **Monday, August 28, 2006, at 10:00 AM.**

5. The case management conference currently scheduled for August 28 shall be vacated. The Court will set a new case management conference date after all pending motions have been resolved. There is no need to have a case management conference while the motion to dismiss and motion for class certification remain pending.

**IT IS SO ORDERED.**

Dated:   08/17/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT