IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIUFANG SITU, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MICHAEL O. LEAVITT,<br><br>　　　　　Defendant. | NO. C06-2841 TEH<br><br>ORDER DENYING DEFENDANT'S MOTION FOR STAY ON DISCOVERY AND ORDER CONTINUING SEPTEMBER 25, 2006 MOTION HEARING AND SUPPLEMENTAL BRIEFING SCHEDULE |

This matter came before the Court on Monday, August 28, 2006, on Defendant Michael O. Leavitt's motion for a protective order staying discovery pending the Court's ruling on Defendant's motion to dismiss and Plaintiffs' motion for class certification. After careful consideration of the parties' written and oral arguments, the Court orally DENIED Defendant's motion at the hearing. This written order explains the Court's reasoning in more detail.

In addition, although Plaintiffs stated their desire to proceed as scheduled with the September 25, 2006 hearing on Defendant's motion to dismiss and Plaintiffs' motion for class certification, the Court sua sponte continues that hearing so that Plaintiffs may receive the discovery sought before moving forward with their opposition to the motion to dismiss or with their own motion for class certification. Accordingly, the existing supplemental briefing deadlines and the September 25, 2006 motion hearing date are VACATED, and the parties shall file their supplemental briefs and appear for the motion hearing on the schedule set forth in this order.

**BACKGROUND**

On April 26, 2006, Plaintiffs filed a class action complaint and a motion to certify a class of low-income Medicare beneficiaries who have allegedly been unable to receive the

1  full benefits of Medicare Part D or the Low Income Subsidy ("LIS") program due to alleged
2  actions or failures to act by Defendant, the United States Secretary of Health and Human
3  Services. On June 30, 2006, Plaintiffs served Defendant with seventeen interrogatories and
4  two requests for admissions. On July 14, 2006, Defendant filed a motion to dismiss based in
5  part on lack of subject matter jurisdiction. One week later, Defendant filed this motion for a
6  protective order staying discovery pending the Court's ruling on Defendant's motion to
7  dismiss and Plaintiffs' motion for class certification. Defendant objected to Plaintiffs'
8  requests on grounds that the discovery sought was not relevant to whether this Court has
9  subject matter jurisdiction or to any other issues raised in the motion to dismiss or motion for
10 class certification.

## LEGAL STANDARD

"A district court is vested with broad discretion to permit or deny discovery," *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003), and the court's decision is "reviewable only for abuse of discretion." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (citation omitted). "[A] refusal to grant discovery to establish jurisdiction is not an abuse of discretion when 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.'" *Laub*, 342 F.3d at 1093 (citations omitted). However, where a motion to dismiss for lack of subject matter jurisdiction is pending before a district court, discovery should be granted when "the jurisdictional facts are contested," *id.*, or when a plaintiff must engage in an "intensely factual inquiry" to establish jurisdiction and the supporting facts may be in the defendant's possession. *McMorgan & Co. v. First Cal. Mortg. Co.*, 916 F. Supp. 966, 974 (N.D. Cal. 1995).

## DISCUSSION

Defendant contends that Plaintiffs' discovery requests "do not address the individual Plaintiffs' circumstances at all" and "have no relevance to the issues of standing, mootness, or presentment – the three jurisdictional grounds for dismissal that Defendant has argued."

2

Reply at 2. Thus, Defendant argues, Plaintiffs' discovery should be stayed pending the Court's ruling on Defendant's motion to dismiss. *See Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (holding that it was not an abuse of discretion to stay discovery pending a motion to dismiss where the discovery sought had no relevance to subject matter jurisdiction).

Plaintiffs' failure to include interrogatories addressing the individual Plaintiffs' circumstances is, indeed, puzzling to the Court. Moreover, Plaintiffs should have requested the discovery currently at issue before filing their motion for class certification or requested it in opposing Defendant's motion to dismiss. However, despite Plaintiffs' failure to follow either of these two well-established procedures, the requested discovery may be able to ascertain the "'requisite jurisdictional facts'" for the reasons discussed below, and the discovery should therefore be allowed before the Court decides the motion to dismiss on jurisdictional grounds. *McMorgan & Co.*, 916 F. Supp. at 974 (citation omitted).

Plaintiffs' requests seek to discover the level of involvement by the Centers for Medicare and Medicaid Services ("CMS") in the transfer of information concerning: the auto-enrollment of Medicare beneficiaries who are also eligible for Medicaid ("dual eligibles") in Medicare Part D plans; dual eligibles' entitlement to the LIS to defray the costs of the plan; and the processing of changes in plan enrollment when dual eligibles decide to change prescription drug plans. If Plaintiffs are allowed to discover CMS's actual role in the transfer of this information to Part D prescription drug plans, pharmacies, state Medicaid agencies, and other entities involved in the new program, Plaintiffs may be able to ascertain whether the alleged failures lie with Defendant, owing to his oversight of CMS, or with another entity. Such information could, in turn, help to establish traceability for all three of Plaintiffs' class allegations. The discovery sought may therefore help to establish the three elements of constitutional standing – injury in fact, causation, and redressability, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992) – for individual Plaintiffs whose standing has been contested and substitute class representatives that Plaintiffs may seek to identify in

1  the future.¹  Consequently, it appears that there is a "reasonable probability" that the outcome
2  of Defendant's motion to dismiss may be different if Plaintiffs' discovery is allowed, and it
3  would therefore be error to deny Plaintiffs' requested discovery.  *Laub*, 342 F.3d at 1093.
4        Additionally, the jurisdictional inquiry is intensely factual as it concerns CMS's actual
5  implementation of the Part D program, and the supporting facts may be in the possession of
6  Defendant.  Discovery thus appears to be the only way that Plaintiffs may ascertain whether
7  CMS is responsible for the "systemic violation of the statute" that they allege.  Opp'n at 4.
8  *See McMorgan & Co.*, 916 F. Supp. at 974 (allowing discovery that could lead to evidence of
9  subject matter jurisdiction under ERISA).  Finally, because "it appears that the jurisdictional
10 issues raised in Defendant's motion are intertwined with the merits of this case," this Court
11 has ruled that the standard applicable to a motion for summary judgment will be applied to
12 the motion to dismiss.  Order Req. Supp. Briefs and Cont. Mot. Hearings at 2.  Therefore,
13 Plaintiffs need only establish the existence of genuinely disputed facts concerning
14 Defendant's jurisdictional challenges to oppose Defendant's motion because "[a] court may
15 not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the
16 resolution of factual issues going to the merits.'"  *Roberts v. Corrothers*, 812 F.2d 1173,
17 1177 (9th Cir. 1987) (citation omitted).  Thus, even if Plaintiffs' requested discovery may not
18 definitively establish this Court's jurisdiction, it is sufficient that the discovery seems
19 reasonably likely to lead to evidence that may raise one or more disputed issues of fact on the
20 jurisdictional issues raised by Defendant's motion to dismiss.
21       Admittedly, this case arises under unique circumstances in which Plaintiffs have
22 requested discovery that they correctly believe to be *relevant* to jurisdictional issues raised in
23 Defendant's motion to dismiss as well as to issues raised in their own motion for class
24 certification, but where Plaintiffs' counsel repeatedly insists that such discovery is not
25 *necessary* for the Court to decide either motion.  Plaintiffs' counsel apparently wants this

---

27,28 ¹Defendant has not challenged the standing of Plaintiff Josephine Guin, but he has moved to dismiss her claims on grounds of mootness and presentment.  If Defendant prevails on either ground, Guin would be dismissed from the case; thus, the standing of the other named plaintiffs is relevant to establish the Court's jurisdiction over this case.

4

United States District Court
For the Northern District of California

1  Court to decide the pending motions based on the information currently in Plaintiffs'
2  counsel's possession and then, if the Court were to rule against Plaintiffs on either motion,
3  have the opportunity to supplement the record at that time.  This Court will not proceed in
4  such a disorderly manner, nor will it condone Plaintiffs' counsel's wait-and-see approach.

5    "[F]ederal courts are under an independent obligation to examine their own
6  jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'"
7  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (citing *Allen v. Wright*, 468 U.S.
8  737, 750 (1984)).  Accordingly, the Court sua sponte continues the supplemental briefing
9  deadlines and the motion hearings on Defendant's motion to dismiss and Plaintiffs' motion
10 for class certification to allow the parties and the Court to consider the evidence produced by
11 Defendant in response to Plaintiffs' pending discovery requests.  The Court remains puzzled
12 by Plaintiff's counsel's irregular conduct in litigating this case, including requesting the
13 discovery currently at issue after filing Plaintiffs' motion for class certification, failing to
14 request discovery to oppose Defendant's motion to dismiss, and repeatedly asserting in
15 Plaintiffs' reply brief and at oral argument that the discovery sought is not necessary to
16 oppose Defendant's motion.  Although the Court does not decide this issue at this time,
17 Plaintiffs' counsel's strategic choices raise serious concerns about her adequacy to represent
18 any class this Court might certify in this case.

19

20 **CONCLUSION**

21    In short, for the above reasons, Defendant's motion for a protective order staying
22 discovery pending the Court's ruling on Defendant's motion to dismiss and Plaintiffs' motion
23 for class certification is DENIED.  The Court GRANTS Defendant's request to calculate the
24 time for responding to the requested discovery from the date of the Court's ruling, and
25 Defendant's responses to Plaintiffs' pending discovery requests are therefore due on
26 **September 27, 2006,** thirty days from August 28, 2006, the date on which the Court issued
27 its oral ruling.  Fed. R. Civ. P. 33(b)(3), 36(a).  Defendant shall give this matter his highest
28 priority, and no continuances shall be granted.  If any disputes arise in answering Plaintiffs'

5

discovery requests, the parties shall immediately telephone this Court's courtroom deputy at (415) 522-2047 to arrange for a telephonic conference to resolve the dispute.

IT IS FURTHER ORDERED that the supplemental briefing deadlines ordered by the Court on August 17, 2006, and extended on August 25, 2006, as well as the September 25, 2006 hearing date on Defendant's motion to dismiss and Plaintiffs' motion for class certification, shall be continued to allow consideration of Defendant's discovery responses. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' supplemental brief, which was due on August 31, 2006, shall now be filed on or before **October 4, 2006.**

2. Defendant's supplemental reply brief, which was due on September 11, 2006, shall now be filed on or before **October 11, 2006.**

3. The September 25, 2006 motion hearing shall be continued to **October 23, 2006, at 10:00 AM.**

**IT IS SO ORDERED.**

Dated: 08/30/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT